

```
ARSHAK BARTOUMIAN, ESQ (SBN 210370)
OMNIA LEGAL, INC.
118 W STOCKER ST
GLENDALE, CA 91202
818-532-9339
818-394-6452
EMAIL: DISPUTES@OMNIALEGAL.ORG
```

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAY POKAVAT, An individual,<br><br>**Plaintiff,**<br><br>vs.<br><br>EQUABLE ASCENT FINANCIAL, LLC,<br><br>A Delaware Limited Liability Company,<br><br>**Defendant.** | Case No. 2:11-CV-09913-GW-(PJWx)<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>1) FAIR DEBT COLLECTION PRACTICES ACT;<br>2) CALIFORNIA'S ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;<br>3) FAIR CREDIT REPORTING ACT;<br>4) CALIFORNIA'S CONSUMER CREDIT REPORTING AGENCIES ACT.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff JAY POKAVAT (hereinafter "Plaintiff"), by and through his undersigned counsel, in his complaint against Defendant EQUABLE ASCENT FINANCIAL, LLC ("Defendant") alleges as follows.

**I. PRELIMINARY STATEMENT**

1. Plaintiff's complaint is made in connection with Defendant's unfair credit reporting and collection efforts, made in violation of Fair Debt Collection Practices Act [15 U.S.C. §1692 et seq.] ("FDCPA"), California's Rosenthal Fair Debt Collection Practices Act [California Civil Code §1788 et seq.] ("RFDCPA"), Fair Credit Reporting Act [15 U.S.C. §1681 et seq.] ("FCRA"), and

FIRST AMENDED COMPLAINT FOR DAMAGES- 1

California's Consumer Credit Reporting Agencies Act [California Civil Code §1785 et seq.] ("CCRAA").

2. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses [15 U.S.C. §1692(a)-(e)].

3. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Ninth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated" consumer. [Baker v. G.C. Services Corp., 677 F.2d 775, 778 (9th Cir. 1982); Swanson v. Southern Oregon Credit Service, Inc. 869 F.2d 1222, 1227(9th Cir.1988)]. This objective standard "ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd … the ignorant, the unthinking and the credulous." [Clomon v. Jackson, 988 F.2d 1314, 1318-19 (2nd Cir. 1993)].

4. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. §1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive

FIRST AMENDED COMPLAINT FOR DAMAGES- 2

list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. §1692e(1)-(16).

5. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. §1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. 15 U.S.C. §1692d(1)-(6). Among these per se violations prohibited by that section are: any collection activities and the placement of telephone calls without meaningful disclosure of the caller's identity [15 U.S.C. §1692d(6)]

6. The FDCPA also prohibits, at 15 U.S.C. §1692c, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, communication by a debt collector in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

7. The RFDCPA regulates collection agencies and original creditors attempting to collect debts on their own behalf. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued

FIRST AMENDED COMPLAINT FOR DAMAGES- 3

functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise their responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

8. This case involves money, property, or other equivalent, due or owing or alleged to be due or owing from natural persons by reason of consumer credit transactions. As such, this action arises out of "consumer debts" and "consumer credit" as those terms are defined by California Civil Code §1788.2(f).

9. Congress enacted the FCRA to establish consumer rights to privacy over their credit and financial information and to ensure the "[a]ccuracy and fairness of credit reporting." FCRA provides several protections for consumers, including but not limited to the right to be notified of any negative/unfavorable information reported in their name and the right to dispute inaccurate and/or incomplete information on their credit file.

10. FCRA regulates credit reporting agencies as well as creditors, collection agencies and other parties who provide information to credit reporting agencies and/or use the consumer credit reports for any reason. FCRA Section 623, 15 U.S.C. §1681s-2 imposes obligations on furnishers of information to the credit reporting agencies. Furnishers must report accurate information, correct and update erroneous information, and provide certain notices to consumer pertaining to furnished information.

11. FCRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o create private right of action consumers can bring against violators of any provision of the FCRA with regards to their credit. In DiMezza v. First USA Bank, Inc., supra, the court confirmed that "[...] the plain language of [CRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o] provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their duties upon notice of a dispute. [...] there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information."

12. The CCRAA regulates consumer credit reporting agencies as well as furnishers of information with respect to personal, credit and other financial information submitted and maintained in their credit file. CCRAA in California Civil Code §1785.25-1785.26 refrains furnishers of information from reporting information that they know or should have known was erroneous, and obligates furnishers to cease credit reporting of information disputed by consumers without notice of such dispute.

13. CCRAA provides consumers with the right to be informed of negative credit reporting and the right to dispute information in their credit reports, which they believe is incomplete and/or inaccurate. Consumers also have the right to bring civil action against violators of any provision of the CCRAA with respect to their rights and their credit, and to seek monetary damages. California Civil Code §1785.19 and §1785.31.

## II. JURISDICTION

14. This Court has Jurisdiction under 15 U.S.C. §1692k(d), 15 U.S.C. §1681p, California Civil Code §1785.33, 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

15. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

### III. VENUE

16. Venue of this court is proper based on 15 U.S.C. §1681(p) because Plaintiff has suffered damages as a result of Defendant's violations and his claim arose in this District.

### IV.   PRIVATE RIGHT OF REMEDY

17. California Civil Code §1788.30(a) states that "any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action…"

18. 15 U.S.C §1692k(a) states that "… any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of-."

19. California Civil Code §1785.15(f) states that consumers "have a right to bring civil action against anyone […], who improperly obtains access to a file, knowingly or willfully misuses file data, or fails to correct inaccurate file data" concerning a consumer's credit report.

20. California Civil Code §1785.31(a) states that Plaintiff as "any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that

person to recover the following."

21. 15 U.S.C. §1681n refers to consumers' ability to bring civil liability action against users/furnishers of information for willful noncompliance with provisions of the FCRA.

22. Pursuant to Gorman v. MBNA America Bank, N.A., No. 06-17226, Plaintiff is entitled to a Private Remedy Against Furnishers. FCRA §1681s-2(b) triggers Defendant's furnisher's liability under this section, since Plaintiff made his initial disputes with the credit reporting agencies.

### V. THE PARTIES.

23. Plaintiff is a natural person who, at all times relevant herein, resided in Los Angeles County, State of California.

24. Plaintiff is a consumer within the meaning of 15 U.S.C. §1692a (3), 15 U.S.C. §1681a (c) and California Civil Code §1785.3(b).

25. Defendant is a Delaware Limited Liability Company, which at all times relevant herein conducted business in the State of California.

26. Defendant is a debt collector within the meaning of 15 U.S.C. §1692a (6) and California Civil Code §1788.2(c).

27. Defendant is a person within the meaning of 15 U.S.C. §1681a (b), California Civil Code §1785.3(j) and California Civil Code §1788.2(g)

### VI. FACTS.

28. Defendant reported two collection accounts, Numbers 498440 and 49850… (hereinafter "accounts"), to credit reporting agencies (hereinafter "CRAs"), in or around October 2010.

29. Plaintiff was uninformed of the collection

FIRST AMENDED COMPLAINT FOR DAMAGES- 7

accounts and the alleged debts since Defendant never provided a dunning notice of debt or a notice of negative credit reporting for either one of the collection accounts.

30. Plaintiff learned about the collection accounts in or around December 2010 through a credit review conducted with the CRAs.

31. On or about December 15, 2011 Plaintiff, through his authorized agent, sent Defendant a debt validation request for the alleged debts.

32. Defendant failed to honor Plaintiff's consumer rights by failing to properly address his credit dispute or the debt validation request.

33. On or about December 30, 2011 Plaintiff received a response letter from Defendant, dated December 22, 2010, referencing account No. 4984401, enclosed with a one page copy of a billing statement from Chase Bank as verification. Defendant's response failed to address account No. 49850... whatsoever.

34. On or about January 4, 2011 Plaintiff, through his agent, responded to Defendant's December 22nd correspondence, addressing their insufficient response that had failed to include all the validation documents requested for either one of the accounts.

35. No further response or validation was received from Defendant following Plaintiff's January 4 correspondence.

36. Since then, Plaintiff sent multiple follow up letters to Defendant, directly from himself, addressing his dispute and requesting Defendant's cooperation.

37. Despite Plaintiff's multiple attempts made at resolving the dispute, Defendant continues collection efforts and credit reporting on the unverified debt.

38. Not only did Defendant fail to validate the alleged debt and respond to Plaintiff's requests, but just months following their failure to validate the alleged debts, on or about July 28, 2011, Defendant pursued legal action by filing a collection case against Plaintiff to collect the

invalid debts.

39. To date, Defendant has nonetheless deliberately, willfully and intentionally repeatedly failed to take reasonable actions in compliance with FDCPA, RFDCPA, FCRA and CCRAA, has failed to remove inaccurate debt and credit information, has failed to note the disputed status of the inaccurate credit information and has continued to report derogatory inaccurate credit information about the Plaintiff to the CRAs.

40. As a result of Defendants' conduct, Plaintiff has suffered:

   a. Actual damages and serious financial harm arising from monetary losses relating to denials of credit, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges.
   b. Out of pocket expenses associated with disputing the credit information only to find the information to remain on the credit report;
   c. Emotional distress and mental anguish associated with having incorrect derogatory credit information transmitted about Plaintiff to other people both known and unknown;
   d. Decreased credit score and creditworthiness, which may result in inability to obtain credit, employment or housing on future attempts.

## VII. CLAIMS FOR RELIEF
### FIRST CLAIM FOR RELIEF

**(Violations Of FDCPA)**

41. Plaintiff repeats and reincorporates by

FIRST AMENDED COMPLAINT FOR DAMAGES- 9

reference the forgoing paragraphs.

42. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a) Failing to provide the notice required under 15 U.S.C. §1692e (11).
   b) Failing to provide written notices of Plaintiff's right to verification of the debt as well as information about the debt and the original creditor, as required under 15 U.S.C. §1692g(a);
   c) Failing to cease collection activity upon receipt of Plaintiff's dispute of the account and the alleged debt, as required under 15 U.S.C. §1692g(b);
   d) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10);
   e) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f;
   f) Attempting to collect amounts not authorized by any agreement entered with Plaintiff creating the purported debt or otherwise permitted by law, in violations of 15 U.S.C § 1692f(1)

43. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, and for Plaintiff's actual damages, statutory damages, costs and attorney's fees.

**SECOND CLAIM FOR RELIEF**

**(Violations Of RFDCPA)**

44. Plaintiff repeats and reincorporates by reference the foregoing paragraphs.

45. Defendant knowingly and willfully violated California's RFDCPA. Defendant's violations include, but are not limited to, the following:

   a) Using false representations and deceptive means to collect or attempt to collect an alleged debt, in violation of California Civil Code §1788.17;
   b) Using unfair and/or unconscionable means to collect an alleged debt, in violation of California Civil

FIRST AMENDED COMPLAINT FOR DAMAGES- 10

Code §1788.17;

c) Attempting to collect amounts not authorized by any agreements entered with Plaintiff creating the purported debt or permitted by law, in violations of California Civil Code §1788.17.

46. As results of Defendants' violations of the Rosenthal Act, pursuant to Civil Code §1788.30, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs.

### THIRD CLAIM FOR RELIEF

### (Violations Of FCRA)

47. Plaintiff repeats and reincorporates by reference the foregoing paragraphs.

48. Defendant violated the FCRA. Defendant's violations include, but are not limited to, the following:

a) Reporting collection account to Plaintiff's credit report without prior notice of negative credit reporting, as required under 15 U.S.C. §1681s-2 (a)(7)(A).

b) Reporting disputed information to the CRAs, without notice of dispute, during the investigation/verification period and without providing validation to the Plaintiff, as required under 15 U.S.C. §1681s-2(a)(3).

c) Failing to conduct proper investigation of disputed information upon receipt of Plaintiff's dispute, as required under §1681s-2 (a)(8)(E).

d) Continuing to report unverified information to the CRAs.

49. As a result of the above violations of the FCRA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FCRA, and for Plaintiff's actual damages, statutory damages, cost and attorney's fees.

### FOURTH CLAIM FOR RELIEF

FIRST AMENDED COMPLAINT FOR DAMAGES- 11

### (Violations Of CCRAA)

50. Plaintiff repeats and reincorporates by reference the foregoing paragraphs.

51. Defendant knowingly and willfully violated California's CCRAA. Defendant's violations include, but are not limited to, the following:
   a) Submitting negative credit information concerning the Plaintiff to the CRAs, without notifying the Plaintiff, as required under California Civil Code §1785.26(b).

### VIII.  PRAYER FOR RELIEF

52. Plaintiff repeats and reincorporates by reference the foregoing paragraphs.

53. Plaintiff contends that Defendant's actions constituted willful violations of the Fair Debt Collection Practices Act, Rosenthal Fair Debt Collection Practices Act, Fair Credit Reporting Act and Consumer Credit Reporting Agencies Act.

WHEREFORE, Plaintiff requests that judgment be entered in his favor against the Defendant as follows:

1. Statutory damages, pursuant to 15 U.S.C. §1692k(a)(2) and/or Civil Code §1788.30(b);

2. Actual damages, pursuant to 15 U.S.C. §1692k(a)(1) and/or Civil Code §1788.30(a);

3. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), and/or Civil Code §1788.30(c) and/or Code of Civil Procedure §490.020.

4. General damages, in an amount subject to proof at trial;

5. Declaratory relief; and

6. Such other and further relief as the Court deems appropriate.

DATED: December 23, 2011                    Respectfully submitted,

By: _____/s/ Arshak Bartoumian_____
ARSHAK BARTOUMIAN, Attorney for Plaintiff

**VERIFICATION**

    I am the Plaintiff in the above titled action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed: December 23, 2011          By: _____

                                                JAY POKAVAT, Plaintiff

FIRST AMENDED COMPLAINT FOR DAMAGES- 14